UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HORACE C. HOUSTON, | ) | |
| Petitioner, | ) | 3:11-cv-00438-ECR-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIELS, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 7.) Petitioner has opposed the motion. (ECF No. 13.) After a thorough review, the court grants the motion to dismiss and dismisses the petition as untimely.

**I.  Procedural History and Background**

On February 12, 2003, the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada ("District Court") charging petitioner with: one count of conspiracy to commit robbery and/or kidnapping; one count of burglary while in possession of a deadly weapon; one count of invasion of the home while in possession of a deadly weapon; two counts of robbery with use of a deadly weapon; one count of first-degree kidnapping with use of a deadly weapon; and one count

1  of second-degree kidnapping with use of a deadly weapon. (Exhibits to Mot. to Dismiss Ex. 1, ECF
2  No. 9.)¹ After a jury trial, the jury returned a verdict finding petitioner guilty of all charges. (*Id*. Ex. 2.)
3  On August 28, 2003, the District Court sentenced petitioner to 13 to 60 months for conspiracy to commit
4  robbery and/or kidnapping; 35 to one 156 months for burglary while in possession of a deadly weapon;
5  35 to 156 months for invasion of the home while in possession of a deadly weapon; 72 to 180 months
6  for each count of robbery with use of a deadly weapon; 60 months to life for first-degree kidnapping,
7  with an equal and consecutive term for use of a deadly weapon; and 35 to 156 months for second-degree
8  kidnapping with use of a deadly weapon. (*Id*.) The District Court ordered the sentences on all counts
9  to be served concurrently. (*Id*.) The District Court issued its judgment of conviction on September 8,
10 2003. (*Id*.) Petitioner appealed. (*Id*. Ex. 3.) On August 27, 2004, the Nevada Supreme Court affirmed
11 petitioner's convictions. (*Id*. Ex. 6.)

12       On May 24, 2007, petitioner, appearing *pro se*, filed a motion to withdraw counsel in the District
13 Court. (*Id*. Ex. 8.) In his motion, petitioner asserted that his trial counsel had failed to inform him that
14 the Nevada Supreme Court had affirmed his conviction. (*Id*.) Petitioner stated that he only learned of
15 the decision after writing to the Nevada Supreme Court upon learning that his co-defendant's case had
16 been decided in 2005. (*Id*.) Petitioner requested that the District Court order counsel to send him his
17 file. (*Id*.) On June 11, 2007, the District Court ordered counsel to forward a copy of the file to
18 petitioner. (*Id*. Ex. 9.) On July 9, 2007, petitioner filed a motion seeking to hold counsel in contempt
19 and seeking sanctions based on counsel's failure to comply with the court's order. (*Id*. Ex. 10.) On July,
20 25, 2007, the District Court held a hearing where counsel's office represented that it had twice forwarded
21 the file to petitioner. (*Id*. Ex. 12.) Based on that representation, the District Court denied petitioner's
22 motion. (*Id*. Ex. 13.)

23       On September 21, 2009, petitioner, appearing *pro se*, filed his first post-conviction petition in
24 state District Court. (*Id*. Ex. 14.) The District Court denied the petition on February 6, 2010. (*Id*. Ex.

---

¹ The exhibits referenced in this order are found in the court's record at ECF No. 9, which were filed with respondents' motion to dismiss.

2

16.) Petitioner then filed a motion for reconsideration and a second post-conviction petition. (*Id*. Ex. 17, Ex. 18.) Petitioner appealed the District Court's denial of his first petition. (*Id*. Ex. 19.) On May 26, 2010, the District Court denied petitioner's second post-conviction petition. (*Id*. Ex. 22.) On November 8, 2010, the Nevada Supreme Court affirmed the District Court's denial of petitioner's first post-conviction petition. (*Id*. Ex. 23.) Remittitur issued on December 9, 2010. (*Id*. Ex. 24.) Petitioner dispatched his petition for writ of habeas corpus to this court on June 16, 2011. (ECF No. 4.)

**II.     Discussion**

Respondents argue in their motion to dismiss that the petition must be dismissed as untimely. In opposition to the motion to dismiss, petitioner argues that a state-created impediment and the actions of his trial counsel warrant tolling of the statute of limitations.

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 16, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the District Court entered the judgment of conviction on September 8, 2003. The Nevada Supreme Court's order of affirmance on direct review was issued on August 27, 2004. Petitioner had ninety days from that date, until November 25, 2004, to seek certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on November 25, 2004, which is 90 days after the Nevada Supreme Court issued its order of affirmance. United States Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on November 26, 2004. Petitioner had until November 26, 2005, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

4

### B. Statutory Tolling

As discussed above, under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a post-conviction petition remains pending in state court, so long as the petition is "properly filed." When a petition for state post-conviction relief is rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 7 (2007). In this case, petitioner filed his petition for post-conviction relief in state court on September 21, 2009. In its order affirming the District Court's denial of petitioner's state post-conviction petition, the Nevada Supreme Court concluded that the petition was untimely under Nev. Rev. Stat. § 34.726(1). The Nevada Supreme Court found that petitioner failed to show good cause to excuse the untimely filing and affirmed the denial of the petition on untimeliness grounds. Accordingly, because petitioner's state post-conviction petition was untimely, the post-conviction proceedings in state court did not toll the AEDPA statute of limitations. Petitioner dispatched his federal habeas petition approximately five years, six months, and twenty-one days after the one-year statute of limitations began to run on November 26, 2005. Thus, absent other tolling, petitioner's petition is untimely.

### C. Equitable Tolling

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(2), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United*

5

*States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, petitioner argues that: (1) legal authority was unavailable to him for at least fifteen months; (2) the State confiscated and destroyed all of his legal materials; and (3) the negligence of counsel adversely impacted his ability to obtain relief.

Assuming without deciding that petitioner is entitled to equitable tolling based on the above arguments, his petition is, nevertheless, untimely. Petitioner informed the District Court in May 2007 that counsel had failed to forward his file. Even assuming, for purposes of argument, that petitioner had received his file from counsel as late as December 31, 2007, and that the statute of limitations was equitably tolled until that time, petitioner still waited until September 21, 2009, to file his first state post-conviction petition. Thus, even if petitioner were entitled to equitable tolling, over 630 days passed before he filed his post-conviction petition in state court. Additionally, after the Nevada Supreme Court issued its remittitur on December 21, 2010, affirming the District Court's denial of petitioner's first post-conviction petition, petitioner waited another 177 days, until June 16, 2011, to dispatch his petition for writ of habeas corpus to this court. Accordingly, even if the court were to equitably toll the statute of limitations under the arguments advance by petitioner, his petition would still have been filed outside the one-year statute of limitations. Therefore, the court dismisses the petition as untimely. [2]

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and

---

[2] Respondents also argue that the sole ground in the petition is procedurally defaulted. Because the court finds that the petition is time-barred, it declines to reach this issue.

determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition (ECF No. 4) is **DISMISSED IN ITS ENTIRETY**, as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 4th day of January 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE